ELGIN, JOLIET & EASTERN RAILROAD CO.

*v.*

STATE OF ILLINOIS.

*Opinion filed April 27, 1921.*

RESPONDEAT SUPERIOR—*Shannon* v. *State, Supra, followed.* This claim is similar to that of *Shannon* v. *State, supra,* and the decision of the Court there announced governs this case.

COURT OF CLAIMS ACT—*Par. 4, Sec. 6, construed.* No liability of the State arises under Par. 4, of Section 6, of the Court of Claims Act, as it was not the intention of the Legislature to enlarge the liability of the State in cases of this character, but that section only applies to cases which clearly come within its provisions.

Edward J. Brundage, Attorney General, for State.

Ths claim was brought on a loss sustained by the claimant during an insurrection among the prisoners at the State penitentiary of Illinois at Joliet, the occurrence taking place on August 19th, 1919. This claim was based on damage to cars by fires started during the disturbance mentioned. The State through its Attorney General filed a demurrer to this claim on the grounds that the doctrine of *respondeat superior* is not applicable to the State and secondly in the presence of the Statutes the State is not liable for the torts of its officers, agents, inmates and employees. We are of the opinion that the contention of the State through its Attorney General, is correct and that the State as a matter of law is not responsible in this kind of an action. The claimant also claims right of action under sub-paragraph 4, section 6 of the Court of Claims Act. We are of the opinion that this case is of such a nature that it would not come under this particular section of the Statute. We believe it has been heretofore decided by this Court that it was not the intention of the Legislature in creating this Court, to enlarge the liability of the State and it is our opinion that if this Court permitted liability on the part of the State in cases of this character, that it would open the field for a vast number of actions far beyond those the Legislature had in mind when the enactment was passed creating this Court and its subsequentt changes and amendments. Therefore this Court denies the claims and sustains the demurrer.